UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
WELL-COM ASSOCIATES, L.P.,         )
                        Plaintiff,         )
                                            )
vs.                                         )         Docket No. 05-10056-JLT
                                            )
HONEYWELL INTERNATIONAL, INC.,     )         Hearing Requested
                        Defendant.        )
_____

**PLAINTIFF'S  CROSS-MOTION FOR  PARTIAL SUMMARY JUDGMENT**

Plaintiff, Well-Com Associates, L.P. ("Well-Com") hereby moves for summary judgment, pursuant to Fed. R. Civ. P. 56, on Count I  and Count III  of its Complaint against  Honeywell International, Inc. ("Honeywell").  As grounds therefore, Well-Com respectfully refers this court to Plaintiff's Memorandum Of Law In Support Of Cross-Motion For Partial Summary Judgment, And In Opposition To Defendant's Motion For Partial Summary Judgment (incorporated herein by reference).  Additionally, Well-Com states as follows:

1.     On January 10, 2005, Well-Com  filed a complaint against Honeywell in the United States District Court for the District of Massachusetts, under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601, et seq and  the Massachusetts Oil and Hazardous Material Release Prevention Act , Mass. Gen. Laws, c. 21E, et seq, for the recovery of its costs with regard to the assessment, containment and removal of hazardous wastes at 378 Commercial Street in Malden (the "site").

2.     Count One ("CERCLA cost recovery") asserts that Honeywell is liable under 42 U.S.C. § 9607(a)(4)(B) for all of the response costs incurred by Well-Com in

the assessment, containment or removal of hazardous materials from the site.

      3.      This court should hold that Well-Com is entitled to invoke the cost recovery provisions of section 107(a) because the plain language of CERCLA states that the cause of action is available.

      4.      Unlike many of the other Courts of Appeals, the First Circuit has never held that a plaintiff who remediates a facility on its own initiative may not bring a cost recovery action under 42 U.S.C. § 9607(a)(4)(B), and is instead limited to suing for contribution under 42 U.S.C. § 113.

      5.      The First Circuit has recognized on more than one occasion that section 107(a)(4)(B) "provides a private right of action" for CERCLA response costs, which is available "'to any person' who incurs necessary response costs, presumably without regard to whether the plaintiff is an EPA target; i.e., a PRP or 'covered person' under section 9607(a)." In re Hemingway Transp., Inc., 993 F.2d 915, 931 (1993); see also Dedham Water Co. v. Cumberland Farms Dairy, Inc., 889 F.2d 1146, 1150 (1st Cir. 1989).

      6.      Well-Com has satisfied all of the requisite elements of proof for a cause of action under 42 U.S.C. § 9607(a)(4)(B).

      7.      The First Circuit has instructed that liability for cost recovery actions brought against PRPs under section 107(a) is joint and several, and that under section 107, plaintiffs may "recoup the whole of their expenditures." United Techs. Corp. v. Browning-Ferris Indus., Inc., 33 F.3d 96, 100 (1st Cir. 1994).  Additionally, the First Circuit has clarified that "damages should be apportioned only if the defendant can demonstrate that the harm is divisible." O'Neil v. Picillo, 883 F.2d 176, 178 – 79 (1st Cir. 1989).

8. Honeywell does not contend that the harm at the site is divisible. Moreover, it is undisputed that Well-Com is a non-polluting PRP that acquired the site after contamination. Therefore, this exception to pure joint and several liability is not applicable here, and Well-Com is entitled to recoup all of its expenditures regardless of fault. O'Neil v. Picillo, 883 F.2d at 179.

9. Count Three (Massachusetts G.L. c. 21E) asserts that under G.L. c. 21E, § 4, § 4A and § 5, Well-Com is entitled to recover from Honeywell all of its response costs, both past and future, and all reasonable attorneys fees pursuant to G.L. c. 21E, § 15. Well-Com also seeks declaratory relief, pursuant to 42 U.S.C. § 9613(g)(2) and G.L. c. 21E, §§ 4 and 4A, establishing its liability for the recovery of further response costs related to the site.

10. G.L. c. 21E, § 5(b) provides in pertinent part that "[n]o person who is liable solely pursuant to clause (1) of paragraph (a) and who did not own or operate the site at the time of the release or threat of release in question and did not cause or contribute to such release or threat of release shall be liable to any person who is liable pursuant to clauses (2), (3), (4), or (5) of said paragraph . . ." See Ch. 21E, § 5(b).

11. Honeywell does not dispute that Well-Com is liable solely pursuant to clause (1) of paragraph (a). Additionally, there is no genuine dispute that Honeywell did not "cause or contribute to such release or threat of release" within the meaning of the statute.

12. The plain language of G.L. c. 21E states that if Well-Com can invoke the exception provided by G.L. c. 21E, § 5(b), it cannot be liable to Honeywell under Chapter 21E, §§ 5(a) and 5(b) and, for this reason, Honeywell may not pursue damages against Well-Com. By contrast, it is undisputed that Honeywell's liability is joint and

several under section 5(a) and, for this reason, Well-Com may recover its full damages for the full cost of a reasonable and appropriate response action, plus attorneys fees.

WHEREFORE, Well-Com Associates, L.P. respectfully requests the Court to grant summary judgment in its favor on Count I (42 U.S.C. § 9607(A)(4)(B), cost recovery) and Count III (Massachusetts G. L. c. 21E), and rule that it is entitled to recover all of the costs it has incurred to date concerning the assessment of hazardous wastes at the site, and is entitled to recover all future remediation costs incurred in a clean up of the site, plus its reasonable attorneys fees (to be shown by Affidavit of Counsel if the court grants this motion).

### REQUEST FOR HEARING

Well-Com hereby requests a hearing on its motion in the event it is deemed necessary by the Court.

### RULE 7.1(A)(2) AND CERTIFICATION

Counsel for Well-Com hereby certifies that they have conferred with counsel for Honeywell and in good faith to resolve or narrow the issues of disagreement.

> Well-Com Associates, L.P.
> By its attorneys,
>
> /s/ A. Neil Hartzell
> A. Neil Hartzell (BBO # 544752)
> Patricia B. Gary (BBO #554731)
> Matthew M. O'Leary (BBO #652033)
> Donovan Hatem LLP
> World Trade Center East
> Two Seaport Lane
> Boston, MA 02210
> 617-406-4500

Dated: February 13, 2006

### CERTIFICATE OF SERVICE

I, Matthew M. O'Leary, hereby certify that on this 13th day of February, 2006, a

copy of the foregoing was served on the attorney for the defendant by electronic means pursuant to Local Rule 5.2(b).

/s/ Matthew M. O'Leary
Matthew M. O'Leary