UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WELL-COM ASSOCIATES, L.P., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HONEYWELL INTERNATIONAL INC., )<br>)<br>Defendant. )<br>) | Docket No. 05-10056-JLT |

**DECLARATION OF DAVID B. CHAFFIN IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, David B. Chaffin, declare, under the penalties of perjury, as follows:

1.  I am a member of the bar of this Court.

2.  I am co-counsel for Honeywell International, Inc.

3.  I make this declaration in support of Honeywell's memorandum in opposition to plaintiff's cross-motion for partial summary judgment.

4.  Attached hereto as Exhibit A is a true and correct copy of a letter from Well-Com's Associate Counsel, dated March 2, 2006. The letter was received at my office today.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS 3rd DAY OF MARCH 2006.

/s/David B. Chaffin
David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 3, 2006.

/s/David B. Chaffin

# EXHIBIT A

# COMBINED PROPERTIES

March 2, 2006

**VIA FIRST CLASS MAIL AND FACSIMILE**

Brian D. Israel, Esq.
Arnold & Porter, LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Re:   **378 Commercial Street, Malden, Massachusetts**

Dear Mr. Israel:

    Enclosed for your review and your comments, please find the Administrative Consent Order ("ACO") issued by the Department of Environmental Protection (the "DEP"). As we have previously noted in our February 16, 2006 correspondence, the DEP is insisting that Well-Com Associates, L.P. ("Well-Com") enter in such ACO. Please be advised that Well-Com intends to enter into such ACO, and that any comments regarding the document should be forwarded to me by the close of business hours on March 3, 2006.

    This letter is being sent without prejudice to Well-Com's rights and claims.

    Thank you for your attention to this matter.

Very truly yours,

*[signature]*

Robyn W. Sinder
Associate Counsel

Enclosure

cc (w/enc.):   A. Neil Hartzell, Esq.
Thomas Christo, Esq.
Prashant Gupta, Honeywell International, Inc.
Eric Axelrod, MACTEC, Inc.

COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS
DEPARTMENT OF ENVIRONMENTAL PROTECTION

|  |  |
|---|---|
| IN THE MATTER OF:<br><br>Well-Com Associates, LP | ) RE: Malden, 378 Commercial Street<br>)<br>) RTN 3-0590<br>)<br>) ADMINISTRATIVE CONSENT ORDER<br>) AND NOTICE OF NONCOMPLIANCE<br>)<br>) ACO-NE-05-3A014 |

## I. THE PARTIES

1. The Department of Environmental Protection (the "Department" or "DEP") is a duly constituted agency of the Commonwealth of Massachusetts. Its principal office is located at One Winter Street in Boston, Massachusetts 02108.

2. Well-Com Associates, LP ("Respondent") is the owner of the property located at 378 Commercial Street, Malden, MA. The Respondent's mailing address is 300 Commercial Street, Suite 25, Malden, MA 02148.

3. 378 Commercial Street Associates, Inc., is the General Partner of Well-Com Associates Limited Partnership.

4. Respondent's Federal Employee Identification Number is _____.

## II. STATEMENT OF PURPOSE

5. This Administrative Consent Order ("Consent Order") is voluntarily entered into by and between Respondent, without any admission of liability, and the Department because they have mutually agreed that it is in the public interest, and in their own interests, to proceed promptly with the actions called for herein. Respondent and the Department hereby agree to comply with and be bound by the terms of this Consent Order.

## III. DEFINITIONS

6. Unless otherwise indicated, the terms used herein shall have the meaning given to them by the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, M.G.L. c. 21E ("M.G.L. c. 21E"), and the regulations promulgated thereunder as the Massachusetts Contingency Plan ("MCP"), 310 CMR 40.0000 et seq. When used herein to describe past or future submittals, actions or deadlines, such terms shall have the meaning ascribed to them in the versions of such laws and regulations in effect at the time of such submittals, actions or deadlines. In addition, the following term(s) shall have the meaning defined herein:

>   Site shall mean the property located at 378 Commercial Street in Malden, MA or any other place or area where the release(s) of oil or hazardous material(s) at and/or from said property has come to be located.

In the Matter of Well-Com Associates, LP
ACO-NE-05-3A014

## IV. STATEMENT OF LAW

The parties agree to the following statement of applicable law and to the jurisdiction and authority of the Department to issue this Consent Order:

7. The Department is charged with the implementation and enforcement of M.G.L. c. 21E and the MCP. The Department has the authority to issue this Consent Order pursuant to M.G.L. c. 21E, § 9.

8. The Department is authorized to issue Notices of Noncompliance and to assess civil administrative penalties pursuant to M.G.L. c. 21A, § 16, and the regulations promulgated thereunder at 310 CMR 5.00, et seq.

9. M.G.L. c. 21E, § 9 and 310 CMR 40.0170(9) authorize the Department to enter into a consent order with a responsible party ("RP"), potentially responsible party ("PRP"), or other person ("OP"), which sets forth necessary response actions, time periods, deadlines for the performance thereof, and requirements for submittals to the Department.

10. 310 CMR 40.0024(1) states that, with limited exceptions, each person who is undertaking response actions shall perform each response action by the deadline imposed by M.G.L. c. 21E, the MCP, or any order or determination of the Department.

11. 310 CMR 40.0170(5)(a) states, in part, that RPs, PRPs and OPs shall perform each and every response action properly and promptly within deadlines prescribed by or pursuant to M.G.L. c. 21E and/or the MCP, including any Interim Deadlines.

12. 310 CMR 40.0405(3) states that Release Abatement Measures ("RAMs") are remedial actions that may be voluntarily undertaken at disposal sites, for the purpose of remediating releases until such time as more comprehensive remedial actions can be performed.

13. 310 CMR 40.0560(2)(d) states, in part, that any person undertaking response actions at a Tier II disposal site shall submit a Response Action Outcome Statement ("RAO") within five years of the effective date of such permit.

## V. STATEMENT OF FACTS

Respondent agrees to the following Statement of Facts in this section, solely for the purpose of this Consent Order and for no other purpose:

14. Respondent is the owner and operator of the 9.5 acre parcel located at 378 Commercial Street in Malden, Massachusetts ("Property").

15. On April 15, 1987, the Department was notified of the presence of coal tar on the Property. The release was observed during a subsurface investigation of the property in 1985. Investigation of the Property revealed soil contaminated with coal tar and cyanide, evidence that a release of oil and/or hazardous materials as defined by M.G.L. c. 21E section 5 occurred at the Property. The Department assigned Release Tracking Number ("RTN") 3-0590 to the Site.

In the Matter of Well-Com Associates, LP
ACO-NE-05-3A014

16. On August 31, 2000, Respondent submitted a Phase I Report and Tier Classification to the Department.

17. On November 26, 2003, the Department issued a Notice of Noncompliance ("NON") to the Respondent for failure to submit a Phase II Comprehensive Site Assessment ("Phase II Report"), a Phase III Remedial Action Plan ("Phase III Report") and a Phase IV Remedy Implementation Plan ("Phase IV Report").

18. On June 30, 2004, the Department issued an Amended Notice of Noncompliance to the Respondent granting Respondent's request for extension of the Phase II, III and IV deadlines. On July 21, 2004, DEP issued a second Amended Notice of Noncompliance to the Respondent granting Respondent's request for further extension of the Phase II, III and IV deadlines.

19. On August 6, 2004, Respondent submitted a Phase II Report to the Department.

20. On August 27, 2004, Respondent submitted a Phase III Report to the Department.

21. On April 29, 2005, Respondent submitted a Phase IV Report to the Department.

22. On May 24, 2005, Respondent submitted a RAM Plan to the Department.

23. On August 31, 2005, Respondent was overdue for the filing of an RAO and a Tier II Extension to the Department.

24. On September 1, 2005, Respondent Submitted a Tier II Extension to DEP. The submittal indicates that Respondent requires more than a year to achieve a permanent or temporary solution for the Site.

25. As of the date this Consent Order, Respondent has not implemented the Phase IV Plan nor has the Respondent submitted a RAO to the Department.

26. Currently, Respondent is involved in ongoing litigation brought by Respondent against Honeywell International, Inc. ("Honeywell") to resolve liability disputes existing between Respondent and Honeywell relative to the proper and necessary cleanup of the Site.

## VI. STATEMENT OF DETERMINATIONS

Based upon the Statement of Facts set forth above in Section V, the Department has determined the following:

27. The Site is a disposal site as defined by M.G.L. c. 21E and the MCP.

28. Respondent is an RP or PRP for the Site at which there is or has been a release and/or threat of release of oil and/or hazardous material pursuant to M.G.L. c. 21E and the MCP.

In the Matter of Well-Com Associates, LP
ACO-NE-05-3A014

29. Conditions at the Site constitute a release or threat of release to the environment of oil and/or hazardous material pursuant to M.G.L. c. 21E and the MCP.

30. Respondent failed to submit a RAO to the Department within five years of Tier Classification, in violation of 310 CMR 40.0560(1) and 310 CMR 40.0560(2)(d).

## VII. DISPOSITION AND ORDER

31. Based on the foregoing Statement of Law, Facts and Determinations, the Department issues and Respondent consents to the terms of this Consent Order and agrees to perform the actions as set forth herein.

32. The Department's authority to issue this order is conferred by M.G.L. c. 21E and the regulations promulgated thereunder at 310 CMR 40.0000, and M.G.L. c. 21A, § 16 and the regulations promulgated thereunder at 310 CMR 5.00. Respondent admits to the jurisdiction and authority of the Department to issue and enter into this Consent Order.

33. This Consent Order shall be binding upon: Respondent; its officers, employees, and agents, in their official, not individual capacity; corporate successors and any assignees. Respondent shall not violate this Consent Order and shall not allow or suffer his officers, employees, agents, successors, contractors, consultants or persons acting for or at the direction of Respondent to violate this Consent Order.

34. Unless otherwise indicated herein, the actions performed pursuant to this Consent Order shall be performed in accordance with M.G.L. c. 21E, the MCP and any other applicable federal, state or local laws, regulations and approvals.

35. Unless Respondent first submits an RAO Statement in accordance with 310 CMR 40.1000 or achieves and maintains Remedy Operation Status (ROS) in accordance with 310 CMR 40.0800, Respondent shall submit the following reports within the following deadlines:

   a. A RAM Status or Completion Statement for the Site by March 28, 2006 and a RAM Status or Completion Statement every six months until the RAM is complete;
   b. Implementation of the Phase IV or revised Phase IV on or before August 30, 2006;
   c. A Phase IV Completion Statement on or before May 30, 2008; and
   d. An RAO or ROS on or before July 1, 2008.

36. If, during response actions at the Site, any condition is discovered which requires notification to the Department pursuant to 310 CMR 40.0300, Respondent shall comply with the MCP in addressing such condition.

37. All submittals required pursuant to 310 CMR 40.0000 et seq. or this Consent Order shall be in compliance with the MCP, including without limitation any other applicable timelines and Performance Standards. Failure to provide a submittal in compliance with this Consent Order, the MCP, applicable timelines and/or Performance Standards, shall constitute a violation of this Consent Order and shall be subject to Stipulated Penalties as provided in Section VIII below.

In the Matter of Well-Com Associates, LP
ACO-NE-05-3A014

### VIII. STIPULATED PENALTIES

38. If Respondent violates the requirements of paragraphs 35, 36 or 37 of this Consent Order, Respondent shall pay stipulated civil administrative penalties to the Commonwealth in the amount of One Thousand Dollars ($1,000.00) per day for each day, or portion thereof, each such violation continues. Stipulated civil administrative penalties shall begin to accrue on the day a violation occurs and shall continue to accrue until the day Respondent corrects the violation or completes performance, whichever is applicable. Respondent reserves whatever rights it may have to contest the Department's determination that Respondent failed to comply with the Consent Order and/or to contest the accuracy of the Department's calculation of the amount of the stipulated civil administrative penalty..

39. Even if violations are simultaneous, separate penalties shall accrue for separate violations of this Consent Order. Stipulated penalties shall accrue regardless of whether the Department has notified Respondent of the violation. The payment of stipulated penalties shall not alter in any way Respondent's obligation to complete performance as required by this Consent Order.

40. All stipulated penalties accruing under this Consent Order shall be paid within thirty (30) days of the date the Department sends a written demand therefore. Payment of such penalties shall be made by certified check, cashiers check or money order, payable to the "Commonwealth of Massachusetts." Respondent's federal employer identification number and the words, *"In the Matter of Well-Com Associates, LP, ACO-NE-05-3A014,"* must be clearly written on the face of the check or money order. The Commonwealth will not accept any other form of payment. The payment must be directed to:

>   Commonwealth of Massachusetts
>   Department of Environmental Protection
>   Commonwealth Master Lockbox
>   P.O. Box 3982
>   Boston, MA 02241-3982

In addition, photocopies of the check or money order shall be sent to the Department at the Notice address herein, ATTN: Stephen M. Johnson.

41. The stipulated penalties set forth herein shall not preclude the Department from electing to pursue alternative remedies or alternative civil, administrative or criminal penalties which may be available by reason of Respondent's failure to comply with the requirements of this Consent Order. In the event that the Department collects alternate civil or administrative penalties, Respondent shall not be required to pay such stipulated penalties pursuant to this Consent Order for the same violation, and the Department shall reduce such alternative civil or administrative penalties by the amount of any stipulated penalties already paid by Respondent for the violation for which the alternate civil or administrative penalties are to be collected.

In the Matter of Well-Com Associates, LP
ACO-NE-05-3A014

## IX. FORCE MAJEURE

42. The Department agrees to extend the time for performance of any requirement of this Consent Order if the Department determines that such failure to perform is caused by a Force Majeure event. The failure to perform a requirement of this Consent Order shall be considered to have been caused by a Force Majeure event if the following criteria are met: (1) an event delays performance of a requirement of this Consent Order beyond the deadline established herein; (2) such event is beyond the control and without the fault of Respondent and Respondent's employees, agents, consultants, and contractors; and (3) such delay could not have been prevented, avoided or minimized by the exercise of due care by Respondent or Respondent's employees, agents, consultants, and contractors.

43. Financial inability and unanticipated or increased costs and expenses associated with the performance of any requirement of this Consent Order shall not be considered a Force Majeure Event.

44. If any event occurs that delays or may delay the performance of any requirement of this Consent Order, Respondent shall immediately, but in no event later than 5 days after obtaining knowledge of such event, notify the Department in writing of such event. The notice shall describe in detail: (i) the reason for and the anticipated length of the delay or potential delay; (ii) the measures taken and to be taken to prevent, avoid, or minimize the delay or potential delay; and (iii) the timetable for taking such measures. If Respondent intends to attribute such delay or potential delay to a Force Majeure event, such notice shall also include the rationale for attributing such delay or potential delay to a Force Majeure event and shall include all available documentation supporting a claim of Force Majeure for the event. Failure to comply with the notice requirements set forth herein shall constitute a waiver of Respondent's right to request an extension based on the event.

45. If the Department determines that Respondent's failure to perform a requirement of this Consent Order is caused by a Force Majeure event, and Respondent otherwise complies with the notice provisions set forth in paragraph C above, the Department agrees to extend in writing the time for performance of such requirement. The duration of this extension shall be equal to the period of time the failure to perform is caused by the Force Majeure event. No extension shall be provided for any period of time that Respondent's failure to perform could have been prevented, avoided or minimized by the exercise of due care. No penalties shall become due for Respondent's failure to perform a requirement of this Consent Order during the extension of the time for performance resulting from a Force Majeure event.

46. A delay in the performance of a requirement of this Consent Order caused by a Force Majeure event shall not, of itself, extend the time for performance of any other requirement of this Consent Order.

## X. NOTICES AND SUBMITTALS

47. All notices, payments, certifications, submissions or other communications required to be made hereunder shall, unless otherwise indicated in this Consent Order, be made in writing and shall, unless otherwise indicated in this Consent Order, be sent by certified mail, return receipt requested, by hand delivery or by recognized overnight courier, as follows:

6

In the Matter of Well-Com Associates, LP
ACO-NE-05-3A014

    If to the Department, to:
           Stephen M. Johnson, Acting Deputy Regional Director
           Department of Environmental Protection
           205B Lowell Street
           Wilmington, MA  01887

    If to Respondent, to:
           Well-Com Associates, LP
           300 Commercial Street, Suite 25
           Malden, MA  02148
           ATTN:  John M. Pereira

Submittals will be considered delivered upon receipt by the Department.

## XI. WAIVER OF HEARING

48. Respondent understands and hereby waives its right to an adjudicatory hearing before the Department on, and judicial review by the courts of, the issuance or terms of this Consent Order and to notice of any such rights of review. Except as expressly set forth herein, this waiver does not extend to any other order issued by the Department, including any order issued by the Department pursuant to the rights reserved by it in Section XII, below.

## XII. RESERVATION OF RIGHTS

49. Except as may be set forth in this Consent Order, the Department expressly reserves, and this Consent Order is without prejudice to, the Department's legal or equitable right and authority to issue any additional order and to bring any other claim, demand, suit, or other action against Respondent with respect to the subject matter of this Consent Order including, but not limited to, the:  (1) recovery of costs incurred by the Department in connection with response actions conducted at the Site, or enforcement of the terms of this Consent Order; (2) recovery of damages to natural resources pursuant to M.G.L. c. 21E, § 5; (3) recovery of damages to the Commonwealth's real or personal property pursuant to M.G.L. c. 21E, § 5; (4) enforcement of the terms of this Consent Order in any administrative or judicial proceeding; and (5) enforcement of past or future noncompliance with any statue or regulation except those past violations cited in Section VI above.  Notwithstanding the foregoing, the Department agrees not to assess civil administrative penalties beyond those described in this Consent Order for the violations identified in Section VI above, provided Respondent fully complies with all the terms and requirements of this Consent Order.

50. Nothing in this Consent Order shall be construed or operate to bar, diminish, waive or in any way affect the Department's authority to require Respondent to conduct response actions or take other actions beyond those required by this Consent Order in order to comply with all applicable laws and regulations including, without limitation, M.G.L. c. 21E and the MCP or to perform response actions and recovery response costs in the event of Respondent's failure to perform such actions.

In the Matter of Well-Com Associates, LP
ACO-NE-05-3A014

51. This Consent Order shall not be construed to operate to bar, diminish, waive or in any way affect the legal or equitable right of the Department with respect to any subject matter not covered by this Consent Order.

52. This Consent Order and the terms in it and the issuance and execution of this Consent Order is not and shall not be construed or used in any other forum as an admission of any fact, violation or liability on the part of Respondent, except that Respondent agrees not to contest the foregoing Statement of Facts, Statement of Law and Determinations in any proceeding relative to the issuance or enforcement of this Consent Order.

53. Nothing in this Consent Order shall operate as a waiver of any rights, claims, or defenses that Respondent has in connection with its pending litigation with Honeywell.

## XIII. ACCESS

54. Respondent agrees to provide the Department and the Department's employees, representatives and contractors access to the Site at all reasonable times, upon one business day's notice, for purposes of conducting any activity related to its oversight of this Consent Order. Notwithstanding any provision of this Consent Order, the Department retains all its access authorities and rights under applicable state and federal law.

## XIV. CONSEQUENCES OF VIOLATION OF THE CONSENT ORDER

55. This Consent Order is also a Notice of Noncompliance issued under M.G.L. c. 21A, § 16 and 310 CMR 5.00 for Respondent's noncompliance with M.G.L. c. 21E and 310 CMR 40.0000, as set forth in paragraph 30 above. Future violations of these requirements as specified herein or of this Consent Order may result, without limitation, in the assessment of additional civil administrative penalties for each day or portion thereof that each violation occurs or continues.

## XV. MODIFICATION

56. This Consent Order may be modified only upon the written agreement of the Department and Respondent.

## XVI. SEVERABILITY

57. If any term or provision of this Consent Order or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Consent Order, or the application thereof, shall be valid and enforceable to the fullest extent permitted by law.

## XVII. EFFECTIVE DATE

58. This Consent Order shall become effective and shall be deemed to be consented to as of the date of the Parties signatures set forth below.

In the Matter of Well-Com Associates, LP
ACO-NE-05-3A014

59.     Each undersigned hereby certifies that she/he is fully authorized to enter into the terms and conditions of this Consent Order and to legally bind himself/herself and/or the party on whose behalf such representative is signing.

ORDERED:

For the DEPARTMENT OF ENVIRONMENTAL PROTECTION

By: _____  Date: _____
Richard J. Chalpin, Regional Director
Department of Environmental Protection
Northeast Regional Office
205B Lowell Street
Wilmington, MA 01887

CONSENTED TO:

For WELL-COM ASSOCIATES, LP

By: _____  Date: _____

Printed Name: <u>John Periera</u>    Title: <u>President</u>

Address: <u>300 Commercial Street</u>

Address: <u>Malden, Massachusetts 02148</u>

FEIN: _____