UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WELL-COM ASSOCIATES, L.P., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HONEYWELL INTERNATIONAL INC., ) <br> ) <br> Defendant. ) | Docket No. 05-10056-JLT |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
PORTIONS OF AFFIDAVITS SUBMITTED BY PLAINTIFF**

Dated: March 3, 2006

HONEYWELL INTERNATIONAL INC.,

By its attorneys,

Thomas K. Christo (BBO #083240)
David B. Chaffin (BBO #549245)
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110-1700
(617) 330-5000

Of Counsel:

Brian D. Israel, Esq.
Arnold & Porter, LLP
555 12th Street, NW
Washington, D.C. 20004
(202) 942-6546

## Table of Contents

                                                                        **Page**

Table of Cases ................................................................. ii

Argument ...................................................................... 1

    A.    Affidavits Submitted In Connection With A Summary
          Judgment Motion Must Contain Admissible Evidence ...................... 1

    B.    Portions Of Each Affidavit Submitted
          By Well-Com Are Inadmissible ........................................ 2

          1.    The O'Leary Affidavit ........................................ 2

          2.    The Pereira Affidavit ......................................... 3

          3.    The Ankstitus Affidavit ....................................... 4

Conclusion .................................................................... 7

## Table of Cases

**Page**

<u>Burke v. Town of Walpole</u>,
405 F.3d 66 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Casas Office Machines, Inc. v. Mita Copystar America, Inc.</u>,
42 F.3d 668 (1st Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Daubert v. Merrell Down Pharms., Inc.</u>,
509 U.S. 579 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Hayes v. Douglas Dynamics</u>,
8 F.3d 88 (1st Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Hernandez-Santiago v. Ecolab, Inc.</u>,
397 F.3d 30 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

<u>Perez v. Volvo Car Corp.</u>,
247 F.3d 303 (1st Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

<u>Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.</u>,
161 F.3d 77 (1st Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Straumann Co. v. Lifecore Biomedical Inc.</u>,
278 F. Supp. 2d 130 (D. Mass. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Vazquez v. Lopez-Rosairo</u>,
134 F.3d 28 (1st Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Defendant, Honeywell International, Inc., submits this memorandum in support of its motion to strike portions of each of the three affidavits submitted by plaintiff, Well-Com Associates, L.P.

## Argument

A. **Affidavits Submitted In Connection With A Summary Judgment Motion Must Contain Admissible Evidence**

Rule 56(e) of the Federal Rules of Civil Procedure provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Fed. R. Civ. P. 56(e). Under the rule, "[f]or an affidavit to constitute evidence in a summary judgment proceeding, it must be based on personal knowledge and show that the affiant is competent to testify to the matter stated in the affidavit." Hernandez-Santiago v. Ecolab, Inc., 397 F.3d 30, 34 (1st Cir. 2005). Under the rule, "[e]vidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment." Vazquez v. Lopez-Rosairo, 134 F.3d 28 (1st Cir. 1998). A party may move to strike inadmissible evidence submitted by its opponent in support of or in opposition to a motion for summary judgment. See, e.g., Perez v. Volvo Car Corp., 247 F.3d 303, 314-15 (1st Cir. 2001).[1]

Well-Com has not complied with the requirement that evidence submitted in support of or in opposition to a motion for summary judgment be evidence that is admissible at trial.

---

[1] A party that fails to move to strike or otherwise to raise in a timely and detailed fashion its objections to its opponents evidentiary proffer waives its objections to the proffer. Id.

1

B.   **Portions Of Each Affidavit Submitted By Well-Com Are Inadmissible**

1.   **The O'Leary Affidavit**

Well-Com has submitted an affidavit by Matthew M. O'Leary, one its lawyers. Through this affidavit, Well-Com attempts to get into the summary judgment record the approximately 61 exhibits that are annexed to the affidavit. Mr. O'Leary explains in the first paragraph of the affidavit that he is counsel for Well-Com, that he is a member in good standing of the Massachusetts bar, and that all of the approximately 61 exhibits attached to his affidavit were "obtained from public records, newspaper archives or the World Wide Web." In each of the ensuing 59 paragraphs, Mr. O'Leary states that a particular exhibit (or exhibits) to the affidavit is a (or are) true and correct copy (or copies) of a document (or documents). No further foundation is provided.

The proponent of a document must provide an evidentiary foundation for its admission. He must demonstrate the document's authenticity and that it is not hearsay or it qualifies for one or more exceptions to the hearsay rule. See Fed. R. Evid. 901, 801-03. Mr. O'Leary does not provide the necessary foundation with respect to any of the exhibits to his affidavit. With respect to none of the documents does he provide facts or argument that demonstrates authenticity under Rule 901, the non-hearsay nature of the document under Rule 801(d), or the application of a hearsay exception under Rule 803.[2]

Given this failure to provide the necessary foundations, the Court would be within its discretion to strike all of the exhibits to Mr. O'Leary's affidavit. The Court may not wish,

---

[2] Most of the exhibits to Mr. O'Leary's affidavit are hearsay because they are out-of-court statements offered to prove the truth of the matters asserted therein and are not admissions. Fed. R. Evid. 801(c), 801(d). In contrast, most of the documents Honeywell has submitted in support of its motion are offered principally to establish Well-Com's state of mind in respect to the contamination of the Site and are not, therefore, hearsay. In any event, Well-Com has neither moved to strike nor objected to Honeywell's proffer.

however, to exercise its discretion in this fashion. Therefore, Honeywell, while reluctant to conduct the evidentiary analysis that Well-Com failed to conduct, submits herewith as Exhibit A a chart that demonstrates on an exhibit-by-exhibit basis that many of the exhibits to Mr. O'Leary's affidavit are not admissible.

### 2. The Pereira Affidavit

Well-Com has submitted an affidavit of John M. Pereira, who owns 100% of the limited partnership interest in Well-Com and 100% of the stock of the general partner of Well-Com. A number of the assertions in Mr. Pereira's affidavit would not be admissible at trial and should be stricken, as the following chart demonstrates:

| Aff. ¶ | Statement | Evidentiary Objection |
|---|---|---|
| 7 | It is my belief based on discussions with Mr. Carabetta and Mr. Black that they also lacked knowledge of contamination at the Site. | Not based on personal knowledge |
| 9 | The purchase price of $3,800,000 . . . was based on the fair market value of the Site in November 1984. | Not based on personal knowledge; not competent |
| 10 | Wellington Realty refused to provide the requested discount. | Not based on personal knowledge |
| 11 | The 1986 Grantees (Commercial State Properties, Well-Com Associates, Inc. and Well-Com, Inc.) purchased the Site in December 1986 despite the fact that no discount was granted because they believed that they had a cause of action against Allied-Signal, Inc. for the cost of any cleanup at the Site. | Not based on personal knowledge; not competent |
| 13 | The February 20, 1987 appraisal of the Site for $10,000,000, attached to the Declaration of Thomas K. Christo as Exhibit G, was not based on the fair market value of the Site. | Not based on personal knowledge; not competent |
| 14 | The $10 million appraisal was based on the development rights of the Site under optimal circumstances, for example the receipt of all necessary permits. | Not based on personal knowledge; not competent |
| 15 | Included in the February 20, 1987 | Not based on personal knowledge; |

3

| Aff. ¶ | Statement | Evidentiary Objection |
|---|---|---|
|  | appraisal contains a separate $5.6 million appraisal that was based on the fair market value of the Site on that date. | not competent |
| 17 | Neither Well-Com, its predecessors-in-interest or its tenants, have performed any operations on the Site that could have contributed to the contamination identified by Rizzo as being present on the Site. | Not based on personal knowledge; not competent[3] |

### 2. The Ankstitus Affidavit

Well-Com has submitted an affidavit or Robert J. Ankstitus of Rizzo Associates, Inc., Well-Com's environmental consulting firm. So much of the affidavit as contains Mr. Ankstitus's views as to the source of the contamination at the Site, such as they are, should be stricken.[4]

While it is permissible to submit an expert affidavit in support of or in opposition to a motion for summary judgment, the affidavit must meet certain requirements. "Conclusory expert opinions lacking a proper factual basis are insufficient to defeat summary judgment and are subject to exclusion under [Rule 56(e)]." Straumann Co. v. Lifecore Biomedical Inc., 278 F. Supp. 2d 130, 136 (D. Mass. 2003). An expert affidavit must "at least include the factual basis and the process of reasoning which makes the conclusion viable." Hayes v. Douglas Dynamics, 8 F.3d 88, 92-94 (1st Cir. 1993). Thus, "[a] district court may exclude expert testimony where it finds that the testimony has no foundation or rests on obviously incorrect assumptions or

---

[3]    Eight documents are annexed to Mr. Pereira's affidavit. Mr. Pereira, like Mr. O'Leary, fails to provide the requisite evidentiary foundation for any of the eight. All eight could be stricken for this reason alone.

[4]    Honeywell does not challenge Mr. Ankstitus's opinion as to the reasonableness of Well-Com's response costs, notwithstanding that (a) Well-Com has done virtually no actual clean up (even though it or its predecessors have known of the contamination for over 20 years), and (b) the DEP has indicated that it views Well-Com to be in violation of the Massachusetts Contingency Plan.

4

speculative evidence." Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 681 (1st Cir. 1995).

The portions of Mr. Ankstitus's affidavit that relate to causation do not pass muster. First, they are simply too conclusory. He purports to opine with respect to a complex environmental issue arising out of many decades of Site history and operations. Yet, his discussion of the issue covers only a handful of pages, and the factual basis for the opinion and process of reasoning are not presented in sufficient detail. The Site is large. It is contaminated with an array of substances at a number of locations. Its history is extensive. Five pages are not enough. The scant reasoning and conjecture in those five pages is not enough.[5]

Furthermore, many of Mr. Ankstitus's subsidiary opinions are not presented with the requisite degree of scientific certainty. See, e.g., Burke v. Town of Walpole, 405 F.3d 66, 91 (1st Cir. 2005) (defining reasonable degree of scientific certainty); see also Daubert v. Merrell Down Pharms., Inc., 509 U.S. 579, 592 (1993) (court must preliminarily assess scientific expert testimony to ensure its relevance and reliability). Repeatedly, he utilizes phrases that indicate a lack of certainty. Words and phrases such as "apparently," "appear to," "likely," "likely attributable," "suggests," "apparent," and "there is evidence" appear throughout his five-pages on causation. Mr. Ankstitus's opinion that all of the contamination at the Site is the result of Honeywell's predecessors' operations thus hardly can be said to rest upon the "good grounds" required by Daubert and its progeny. See Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co., 161 F.3d 77, 80 (1st Cir. 1998) (Daubert requires court to "ensure that proposed expert testimony imparts 'scientific knowledge' rather than guesswork") (citation omitted).

---

[5] At a minimum, the affidavit is insufficient to support a conclusive determination as to causation.

Mr. Ankstitus also appears not to have considered contrary evidence, including some that appears in Well-Com's own submissions. As Honeywell's technical consultant, whose declaration accompanies this memorandum, explains:

> There are four distinct technical and historic factors that provide an adequate basis for the view that other sources/causes of contamination exist at this Site.
>
> The Site was used for storage, operations, and/or disposal by a tannery. Wastes that may only be attributed to a tannery (e.g. animal hides, etc.) were encountered on Site. The contaminants associated with tannery wastes include many of the contaminants detected on Site including, but not limited to, heavy metals, such as chromium and lead.
>
> The Site was developed using substantial fill from the Malden River. In 1925 license was granted to Richards and Co. by the City of Malden for approximately 8,110 cubic yards of fill to be placed on this Site.
>
> During the late 1960s and the 1970s a number of commercial businesses operated on the Site after Allied left. Because of the nature of these operations, typical disposal practices, and the chemicals and materials routinely used (including vehicle paints, solvents, petroleum products and chemical coatings) these operations may have contributed to a variety of Site related contamination.
>
> Above-ground storage tanks were demolished on-Site circa 1965, leaving the bottoms of these structures in place. Buildings were constructed on top of these tank bottoms after Allied vacated the Site post 1965. There was no documentation encountered during this review regarding the condition of these tanks or the contents left in place. Placing buildings on tank bottoms with chemicals/tar left in place may have caused a release that would not have occurred if these tanks and the bottoms had been property removed.

(Tull Dec., ¶¶ 4-8.)

Moreover, Mr. Ankstitus's views as to causation are irrelevant. Well-Com offers Mr. Ankstitus's opinion in support of its argument that because Honeywell's predecessors allegedly caused all of the contamination at the Site, Well-Com is entitled to 100% of its response costs. But, as explained in Honeywell's motion for partial summary judgment and in its accompanying

memorandum in opposition to Well-Com's cross-motion for summary judgment, Well-Com is not entitled to 100% of its response costs. Because Mr. Ankstitus's opinion is offered in support of a flawed legal position, it is irrelevant.

Well-Com is asking the Court to rule, based on a five-page expert opinion that suffers from multiple defects and that has not been subjected to cross-examination, that there is no genuine issue of fact as to whether Honeywell's predecessors caused all of the contamination at the Site. Not only would such a ruling be inappropriate, but the opinion should be stricken.

### Conclusion

For the foregoing reasons, Honeywell respectfully requests that the Court strike (1) the referenced exhibits to Mr. O'Leary's affidavits, (2) the referenced statements in Mr. Pereira's affidavit, and (3) the referenced opinion in Mr. Ankstitus's affidavit.

Dated:  March 3, 2006                         HONEYWELL INTERNATIONAL INC.,

By its attorneys,

/s/David B. Chaffin
Thomas K. Christo (BBO #083240)
David B. Chaffin (BBO #549245)
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110-1700
(617) 330-5000

Of Counsel:

Brian D. Israel, Esq.
Arnold & Porter, LLP
555 12th Street, NW
Washington, D.C. 20004
(202) 942-6546

8

## CERTIFICATE OF SERVICE

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 3, 2006.

                                  /s/David B. Chaffin
                                  David B. Chaffin

Case 1:05-cv-10056-JLT    Document 37    Filed 03/03/2006    Page 11 of 13

## EXHIBIT A

| Exhibit | Evidentiary Objection |
|---|---|
| Exhibit 1 | Not properly authenticated; no hearsay exception established |
| Exhibit 1A | Not properly authenticated; not certified as required by Rule 56(e) |
| Exhibit 1B | Not properly authenticated; not certified as required by Rule 56(e) |
| Exhibit 2A | Not properly authenticated; no hearsay exception established |
| Exhibit 2B | Not properly authenticated; affiant lacks personal knowledge; not certified as required by Rule 56(e); no hearsay exception established |
| Exhibit 3A | No authenticating foundational information provided, no hearsay exception established |
| Exhibit 3B | No authenticating foundational information provided; no hearsay exception established |
| Exhibit 3C | No authenticating foundational information provided; no hearsay exception established |
| Exhibit 3D | No authenticating foundational information provided; no hearsay exception established |
| Exhibit 3E | No authenticating foundational information provided; no hearsay exception established |
| Exhibit 3F | No authenticating foundational information provided; no hearsay exception established |
| Exhibit 4 | Not properly authenticated; no hearsay exception established |
| Exhibit 5 | Not properly authenticated; no hearsay exception established |
| Exhibit 6A | Not properly authenticated; not certified as required by Rule 56(e); no hearsay exception established |
| Exhibit 6B | Not properly authenticated; not certified as required by Rule 56(e); no hearsay exception established |
| Exhibit 7 | Not properly authenticated; no hearsay exception established |
| Exhibit 8A | Not properly authenticated; not certified as required by Rule 56(e); no hearsay exception established |
| Exhibit 8B | Not properly authenticated; not certified as required by Rule 56(e); no hearsay exception established |
| Exhibit 9A | Not properly authenticated; not certified as required by Rule 56(e); no hearsay exception established |
| Exhibit 9B | Not properly authenticated; not certified as required by Rule 56(e); no hearsay exception established |
| Exhibit 9C | Not properly authenticated; no hearsay exception established |
| Exhibit 9D | Not properly authenticated; no hearsay exception established |
| Exhibit 9E | Not properly authenticated; no hearsay exception established |
| Exhibit 9F | Not properly authenticated; no hearsay exception established |
| Exhibit 10A | Not properly authenticated; not certified as required by Rule 56(e); no hearsay exception established |
| Exhibit 10B | Not properly authenticated; not certified as required by Rule 56(e); no hearsay exception established |
| Exhibit 10C | Not properly authenticated; no hearsay exception established |

| Exhibit | Evidentiary Objection |
|---|---|
| Exhibit 10D | Not properly authenticated; no hearsay exception established |
| Exhibit 11A | Not properly authenticated; no hearsay exception established |
| Exhibit 11B | Not properly authenticated; no hearsay exception established |
| Exhibit 11C | Not properly authenticated; no hearsay exception established |
| Exhibit 11D | Not properly authenticated; no hearsay exception established |
| Exhibit 11E | Not properly authenticated; no hearsay exception established |
| Exhibit 11F | Not properly authenticated; no hearsay exception established |
| Exhibit 11G | Not properly authenticated; no hearsay exception established |
| Exhibit 12A | Not properly authenticated; no hearsay exception established |
| Exhibit 12B | Not properly authenticated; no hearsay exception established |
| Exhibit 12C | Not properly authenticated; no hearsay exception established |
| Exhibit 13A | Not properly authenticated; no hearsay exception established |
| Exhibit 13B | Not properly authenticated; no hearsay exception established |
| Exhibit 14A | Not properly authenticated; no hearsay exception established |
| Exhibit 14B | Not properly authenticated; no hearsay exception established |
| Exhibit 14C | Not properly authenticated; no hearsay exception established |
| Exhibit 14D | Not properly authenticated; no hearsay exception established |
| Exhibit 15 | Not properly authenticated; no hearsay exception established |
| Exhibit 16A | Foundation unreliable; incomplete document; no hearsay exception established |
| Exhibit 16B | Foundation unreliable; incomplete document; no hearsay exception established |
| Exhibit 16C | Foundation unreliable; incomplete document; no hearsay exception established |
| Exhibit 16D | Foundation unreliable; incomplete document; no hearsay exception established |
| Exhibit 16E | Not properly authenticated; no hearsay exception established |
| Exhibit 16F | Foundation unreliable; incomplete document; no hearsay exception established |
| Exhibit 16G | Foundation unreliable; incomplete document; no hearsay exception established |
| Exhibit 16H | Foundation unreliable; incomplete document; no hearsay exception established |
| Exhibit 16I | Foundation unreliable; incomplete document; no hearsay exception established |
| Exhibit 16J | Foundation unreliable; incomplete document; no hearsay exception established |
| Exhibit 16K | Foundation unreliable; incomplete document; no hearsay exception established |
| Exhibit 17A | Not properly authenticated; no hearsay exception established |
| Exhibit 17B | Not properly authenticated; no hearsay exception established |
| Exhibit 18A | Not properly authenticated; no hearsay exception established |
| Exhibit 18B | Not properly authenticated; no hearsay exception established |