UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WELL-COM ASSOCIATES, L.P., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HONEYWELL INTERNATIONAL, INC., )<br>)<br>Defendant. )<br>) | Docket Number 05-10056-JLT |

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER AND FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Well-Com Associates, L.P. ("Well-Com") respectfully submits this Opposition to Defendant Honeywell International Inc.'s Motion to Amend Answer and for Partial Summary Judgment. Additionally, to the extent necessary, Well-Com hereby re-files and incorporates by reference all of its previously filed summary judgment papers, including: (1) Cross-Motion for Partial Summary Judgment, docket no. 23; (2) Statement of Facts, docket no. 24; (3) Memorandum in Support of Cross-Motion for Partial Summary Judgment, and in Opposition to Defendant's Motion for Partial Summary Judgment, docket no. 26; (4) Affidavit of Robert J. Ankstitus, docket no. 25; (5) Affidavit of John M. Pereira, docket no. 27; (6) Affidavit of Matthew M. O'Leary, docket no. 28 ; (6) Reply to Defendant Honeywell's Opposition to Plaintiff's Cross-Motion for Summary Judgment, docket no. 42; (7) Supplemental Affidavit of John M. Pereira, docket no. 44; (8) Supplemental Affidavit of Robert J. Ankstitus; docket no. 45; and (9) All Exhibits filed in connection with the above.

As discussed below, Honeywell's untimely motion for leave to set up two new counterclaims by amendment at this late stage should be denied because there was no "oversight, inadvertence or excusable neglect" within the meaning of Fed. R. Civ. P. 13(f) and because the addition of counterclaims would be unduly prejudicial to Well-Com.

## I.    INTRODUCTION

On January 10, 2005, Well-Com filed a Complaint against Honeywell under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607 et seq and the Massachusetts Oil and Hazardous Material Release Prevention Act, Mass. Gen. Laws c. 21E, for the recovery of its costs with regard to the assessment, containment and removal of hazardous wastes at 378 Commercial Street, Malden (the "site"). See Complaint. The Court entered a Rule 26 Discovery Order on May 31, 2005, and subsequently, the parties each disclosed a list of deponents. On July 5, 2005, the district court (Tauro, J.) entered another Discovery Order which set certain deadlines, and clarified that "no additional discovery will be permitted without leave of this court." On August 15, 2005, the district court entered yet another Discovery Order which allowed more depositions, but clarified that "discovery shall be completed by January 31, 2006."

Thereafter, on January 18, 2006, Honeywell initiated a summary judgment proceeding by filing a Motion for Partial Summary Judgment. Honeywell's Motion for Partial Summary Judgment asked the court to dismiss Count One (42 U.S.C. § 9607(a)(4)(B)) in its entirety. See Honeywell's Memorandum In Support Of Motion For Partial Summary Judgment, p. 1, 9. Honeywell argued that "Count I, a cost recovery claim under § 107 of CERCLA, will not lie because Well-Com is itself liable under CERCLA." Id. at 9. In particular, Honeywell stressed that Well-Com was not entitled to recover its full costs because it cannot prove "innocent

2

landowner status," an affirmative defense under 42 U.S.C. § 9607(b) or M.G.L. c. 21E, § 5(c). Id. at 13.

On February 13, 2006, Well-Com filed a Cross-Motion for Partial Summary Judgment and Opposition to Honeywell's Motion for Partial Summary Judgment. Well-Com's Cross Motion for Summary Judgment argued that Well-Com is entitled to maintain an action for cost recovery under 42 U.S.C. § 9607(a)(4)(B) because it has satisfied all of the requisite elements of proof for such a cause of action, as identified by the First Circuit in In re Hemingway Transp., Inc., 993 F.2d 915, 931 (1st Cir. 1993). See Well-Com's Memorandum In Support Of Cross-Motion for Partial Summary Judgment (hereinafter "Well-Com's Memorandum") pp. 3-5, 10, 22-28. Well-Com explained that in In re Hemingway Transp., Inc., the First Circuit had described the relationship between § 107 and § 113, as follows: "in the event the private-action plaintiff itself is potentially 'liable' to the EPA for response costs, and thus is akin to a joint 'tortfeasor,' section 9607(a)(4)(B) serves as the *pre-enforcement analog* to the 'impleader' contribution action permitted under section 9613(f)." Id. (emphasis supplied). See Well-Com's Memorandum, p. 23. Thus, the First Circuit has recognized that a plaintiff such as Well-Com, who is only "potentially" liable to the EPA, but is not an EPA target because it has not been sued under CERCLA, has a private right of action under 9607(a)(4)(B) for response costs. Id. Well-Com explained in its summary judgment papers that unlike many of the other Courts of Appeals, the First Circuit has never held that a plaintiff who remediates a facility may not bring a cost recovery action under 107(a), and/or is limited to suing for contribution under section 113. Well-Com asked the court to rule that it is entitled to invoke the cost recovery provisions of section 107(a) because the plain language of CERCLA states that the cause of action is

available.[1] See Adhesives Research Inc. v. American Inks & Coatings Corp., 931 F. Supp. 1231, 1239 (M.D. Pa. 1996)(finding "no reason to give the phrase 'any other person' other than its plain meaning"); Charter Twp. Of Oshtemo v. American Cyanamid Co., 910 F. Supp. 332, 337 (W.D.Mich. 1995)(finding that interpreting CERCLA to bar § 107 cost recovery actions by PRPs "ignores the plain language of section 107"). See Well-Com's Memorandum, p. 27-28.

Additionally, Well-Com argued that Honeywell's summary judgment papers ignored the Supreme Court's decision in Cooper Indus., Inc. v. Aviall Serv., Inc., 543 U.S. 157 (2004) and relied instead upon many of the pre-Cooper decisions of the Courts of Appeals (other than the First Circuit) that were effectively overruled by Cooper Industries . Compare Honeywell's Opposition Brief, p. 6 (quoting commentator M.S. Dennison at 80 Am. Jr. Proof of Facts 3d 281, § 9). Well-Com stressed that Cooper Industries unequivocally eliminated Honeywell's argument that a party such as Well-Com, that has never been sued under CERCLA, must utilize § 113 to recoup its cleanup costs.[2] See Well-Com's Memorandum, p. 19-20, 26-28.

Additionally, Well-Com's Reply Memorandum pointed out a second critical flaw in Honeywell's case. Aside from its misguided effort to convince the court in a summary judgment proceeding to dismiss Well-Com's cost recovery action under § 107, Honeywell had also failed to exercise its statutory right to bring a counterclaim for contribution against Well-Com under § 113. Well-Com explained that CERCLA explicitly allows a section 9607

---

[1] Cost recovery actions brought against PRPs under § 107(a) is joint and several and § 107 plaintiffs are entitled to "full recovery" of all costs. Honeywell has never disputed this. In its Memorandum In Support Of Motion for Summary Judgment, Honeywell states at p. 10, "A cost recovery action, by contrast, involves a claim for "full recovery" of all the response costs incurred. The First Circuit has also stated that under section 107, a plaintiff may "recoup the whole of their expenditures." United Techs. v. Browning-Ferris Indus., 33 F.3d at 100. See also Centerior Serv, Co. v. General Elec. Co., 153 F.3d at 348. The First Circuit has stated that "[a]fter bringing a cost recovery action, plaintiffs must prove only that each defendant is a 'liable' party and not that defendants are responsible for a certain share of the plaintiff's response costs." Id..

[2] Honeywell's initial summary judgment memorandum focused on the "innocent landowner" argument, but Honeywell's Opposition papers retreated from that stance – Honeywell subsequently contended that Well-Com is relegated to bringing an action under section 113 because it is a "liable" party.

4

defendant to bring a counterclaim for contribution and that such a counterclaim is compulsory because it is the *only* mechanism by which a party sued under 9607 may seek contribution. See Reply of Well-Com, p. 13, n. 5.   Well-Com's Reply Memorandum cited several cases which explicitly discuss the right of a defendant sued under § 107 to bring such a counterclaim.  See, e.g., Consolidated Edison Co. v. UGI Utilities, 423 F.3d 80 (2d Cir. 2005) (no bar precluding a person sued under section 107(a) from bringing a counterclaim under section 113(f)(1); Crofton Ventures Ltd. P'ship v. G&H P'ship, 1997 U.S. Dist. Lexis 8067, * 15 ("defendants may bring counterclaims for contribution"); Adhesives Research, Inc. v. American Inks & Coatings Corp., 931 F. Supp. 1231, 1244 (E.D. PA 1996) (defendants may assert counterclaims). See Reply of Well-Com, p. 13, n. 5.  Well-Com argued that Honeywell had already had more than an adequate time to bring a compulsory counterclaim under Section 113 if it wished to bring one -- but had instead *itself* initiated a summary judgment proceeding which asked the court to rule, erroneously, that Well-Com's cause of action for cost recovery under Section 107 must be dismissed.

    Well-Com also noted that Honeywell had failed to bring a claim and/or counterclaim against Well-Com under M.G.L. c. 21E  for "contribution, reimbursement or equitable share" within the meaning of M.G.L. c. 21E, § 4. See M.G.L. c. 21E, § 4 ("[a]ll claims and actions for contribution, reimbursement or equitable share by persons other than the commonwealth pursuant to this paragraph . . . shall be subject to, and brought in accordance with, the procedures set forth in section four A"). Well-Com's Reply cited the case of Mystic Landing, LLC v. Pharmacia Corp., 2006 U.S. Dist. Lexis 8122, * (D. Mass. 2006), where the court ruled that a third party defendant in an action under M.G.L. c. 21E had failed to "avail[] itself of the opportunity or the obligation to bring compulsory counterclaims." Id.

5

Nothwithstanding the above, during the next *sixteen* months, Honeywell never sought leave of court, pursuant to Fed. R. Civ. P. 13(f) (Omitted Counterclaim), to "set up the counterclaim[s] by amendment." (The parties have continued to pursue settlement negotiations). A Status Conference was held on May 14, 2007 and thereafter the court entered an Order as follows: "(1) Trial is scheduled for August 6, 2007, at 10:00 a.m.; (2) Parties may file Motions for Summary Judgment at any time before July 6, 2007; (3) Oppositions shall be filed by July 20, 2007; (4) Motions in limine shall be filed by July 27, 2007. (Emphasis in original.) Subsequently, on June 18, 2007, the court entered another Procedural Order stating that a "Jury Trial [is] set for 8/6/2007 10:00 AM in Courtroom 20 before Judge Joseph L. Tauro."

On June 11, 2007, the Supreme Court issued its decision in United States v. Atlantic Research Corp., 127 S. Ct. 2331, 168 L. Ed. 2d 28, 2007 U.S. Lexis 7718, *** (2007), and permanently put to rest any possible remaining doubt, following its decision in Cooper Industries, that a plaintiff such as Well-Com may bring a cost recovery action under § 107. The Supreme Court held that § 107(a)(4)(B)'s plain terms allow a PRP such as Well-Com to recover costs from another PRP such as Honeywell. Id. at *** 3. The Court advised that prior to Cooper Industries, "many Courts of Appeals held that § 113(f) was the exclusive remedy for PRPs," but that Cooper Industries had overruled these decisions. Id. at *** 7-10. Additionally, Atlantic Research addressed the argument asserted by Honeywell that it is necessary for Well-Com to prove an affirmative defense under § 107(b) (i.e., the "innocent landowner"defense) prior to bringing a § 107 cost recovery action Id. at *** 14. The Supreme Court clarified that it is not necessary for a PRP to prove "innocent landowner" status because "innocent or not" all PRP's are entitled to bring a § 107 cost recovery action. Id. at *** 4. The Supreme Court explained -- echoing exactly what Well-Com had argued in its summary

6

judgment pleadings over sixteen months earlier -- that "a defendant PRP in a § 107(a) suit could blunt any such distribution by filing a § 113(f) counterclaim." Id. ("[r]esolution of a § 113(f) counter-claim would necessitate equitable apportionment of costs among the liable parties, including the PRP that filed the § 107(a) action").

Subsequently, on July 5, 2007 Honeywell filed a Motion to Amend Answer and For Partial Summary Judgment (hereinafter "Honeywell's Motion to Amend"). Honeywell's Motion to Amend seeks "leave to amend its answer to state counterclaims for contribution under § 113(f) and Chapter 21E." See Honeywell's Motion to Amend, p. 2.

## II.     RULE 13 GOVERNS OMITTED COUNTERCLAIMS

### A.     Honeywell Cannot Satisfy The Criteria Under Rule 13(f) For Leave To Set Up An Omitted Counterclaim By Amendment

Honeywell has erroneously sought leave to add its omitted counterclaims pursuant to Fed. R. Civ. P. 15. Honeywell's Memorandum In Support Of Motion To Amend Answer And for Partial Summary Judgment ("Honeywell's Memorandum") argues that "Rule 15 requires that leave to amend shall be freely granted where justice so requires, and will not be denied without adequate reason, such as undue delay, bad faith, dilatory motive, futility of amendment, or prejudice." See Honeywell's Memorandum, p. 11. As discussed, *infra*, the proposed new claims are compulsory counterclaims and therefore the liberal amendment standards set forth in Fed. R. Civ. P. 15(a) do not apply. Instead, the more stringent standards of Rule 13(f) pertaining to omitted compulsory counterclaims must be applied.

Moreover, even if Rule 15 did apply (which it does not), Honeywell has carefully avoided any discussion of *undue delay, bad faith, dilatory motive, or prejudice*, and in fact, has not addressed any of Rule 15's reasons for denying leave to amend, save for "futility of

7

amendment." Honeywell suggests that the recent Supreme Court decision in <u>Atlantic Research</u> has somehow created a new right under CERCLA for a § 107 defendant to bring a counterclaim, so that bringing such a counterclaim would no longer be "futile" and that Honeywell was not aware of this option before. <u>See</u> Honeywell's Memorandum, p. 1-2, 11-12. As discussed above, Well-Com's summary judgment papers, filed sixteen months ago in February 2006, brought the issue of an omitted compulsory counterclaim to both Honeywell's and the court's attention.

Moreover, it would not have been "futile" to assert the counterclaims earlier. Although <u>Atlantic Research</u> removed some uncertainty regarding the interplay between § 107, and the counterclaim available under § 113, it did not re-write CERCLA, or even change judicial interpretations of the law in many jurisdictions, including the First Circuit. As the Supreme Court explained in <u>Atlantic Research</u>, "following SARA's enactment[3] some Courts of Appeals believed it was necessary to 'direct traffic between' § 107(a) and § 113(f) . . . [and] held that § 113(f) was the exclusive remedy for PRPs," <u>see id</u> at ***7, but "in <u>Cooper Industries</u> we held that a private party could seek contribution from other liable parties only after having been sued under § 106 or § 107(a)." <u>Id</u>. (emphasis supplied). As a result of <u>Cooper Industries</u>, some of the Courts of Appeals outside the First Circuit have overruled their prior decisions. In <u>Atlantic Research</u> the Supreme Court reviewed and affirmed the Eighth Circuit's decision to overrule its pre-<u>Cooper</u> decision in <u>Dico, Inc. v. Chemical Co.</u>, 340 F.3d 525 (8th Cir. 2003). <u>Id</u>.

---

[3] In 1986, Congress amended CERCLA with the Superfund Amendments and Reauthorization Act ("SARA") to provide for two express causes of action for contribution. These two contribution provisions, sections 113(f)(1) and 113(f)(3)(B), create separate contribution rights. Here, Honeywell is seeking leave from the court to bring a counterclaim under Section 113(f)(1) which permits parties sued under § 9607 to bring counterclaims for contribution.

By contrast, the First Circuit simply never got this issue wrong, and there is no need for the First Circuit to overrule any of its prior decisions. As discussed *supra*, the First Circuit recognized on more than one occasion that section 107(a)(4)(B) "provides a private right of action" for CERCLA response costs, which is available "'to any person' who incurs necessary response costs." In re Hemingway Transp., Inc., 993 F.2d 915, 931 (1st Cir. 1993). Thus, a § 107(a)(4)(B) action has always been available to a PRP in the First Circuit, and a party sued under § 107 has always had the right to bring a counterclaim under § 113(f). Id. Compare Mystic Landing, LLC v. Pharmacia Corp., 417 F. Supp. 2d 120 (D. Mass 2006)("Modern . . .as a third-party defendant to claims brought by Pharmacia, has not availed itself of the opportunity to bring compulsory counterclaims against the defendant"). In short, there has been no change in the applicable law of the First Circuit.

**B.     When Assessing "Excusable Neglect" Under Rule 13(f) A Court Must Consider Whether Neglect Is Present, Or Whether The Failure Was A Willful Choice**

The counterclaims which Honeywell seeks leave to assert just weeks before trial are compulsory counterclaims under Fed. R. Civ. P. 13(a) and should have been asserted at the beginning of this litigation. Well-Com filed its Complaint on January 10, 2005 and Honeywell filed its Answer on March 22, 2005. Since the proposed counterclaims arise out of the same facts that form the basis of Well-Com's cost recovery action under § 107, and these facts have been known to Honeywell since the outset of the litigation, the requested amendment should be governed by Rule 13(f) as follows:

> (f) Omitted Counterclaim. When a pleader fails to set up a counterclaim through <u>oversight, inadvertence, or excusable neglect, or when justice requires</u>, the pleader may by leave of court set up the counterclaim by amendment.

9

Fed. R. Civ. P. 13(f). (Emphasis supplied.) Here, none of the Rule 13(f) reasons are present, and in the absence of such a showing, Honeywell's untimely compulsory counterclaims should be barred.

Honeywell did not fail to plead the counterclaims under CERCLA and M.G.L. c. 21A due to "oversight, inadvertence, or excusable neglect," because Well-Com's summary judgment pleadings, filed in February and March 2006, notified Honeywell of its right to bring such counterclaims over sixteen months ago. During the past sixteen months Honeywell has continued to take a "wait and see" approach to the counterclaim issue. Indeed, it appears that the only reason that Honeywell has sought leave to file such counterclaims now, just a few weeks before trial, is that the Supreme Court's decision in Atlantic Research extinguishes any possible remaining doubt in any jurisdiction in this country about the counterclaim issue, and simultaneously eliminates the possibility of an appealable issue in this case regarding the omitted counterclaims. Here, there was no "neglect" in Honeywell's failure to seek leave to file counterclaims earlier – it is clear that Honeywell's decision not to pursue the counterclaims earlier was a willful strategic litigation choice. Since Honeywell made a conscious choice not to seek leave to add the counterclaims it should not now be relieved from the consequences of its decision.

In Cabana v. Forcier, the district court noted that "[w]hen assessing 'excusable neglect,' courts typically consider (1) the good faith of the claimant, (2) the extent of the delay; and (3) the danger of prejudice to the opposing party." Cabana v. Forcier, 200 F.R.D. 9, 13 (D. Mass. 2001) *citing* Pioneer Investment Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, n. 10 (1993). The First Circuit describes excusable neglect as a "demanding standard" and has stated that the "reason-for-delay factor will always be critical to the inquiry." United States v.

$23,000 in United States Currency, 356 F.3d 157, 164 (1st Cir. 2004). The First Circuit has held that "at a bare minimum, a party who seeks relief . . . on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable." Cintron-Lorenzo v. Departamento de Asuntos., 312 F.3d 522, 527 (1st Cir. 2002).

Since Honeywell is seeking leave (erroneously) under Rule 15, rather than Rule 13(f), it has not even addressed the issue of "excusable neglect" or provided any analysis under Rule 13, convincing or otherwise. However, it is clear that there was no neglect because Honeywell has been on notice of the counterclaims for a year and a half, and the delay in seeking leave to amend in this case was the result of a conscious litigation choice not to seek leave. A pre-trial conference was held before Judge Tauro on May 14, 2007 and a jury trial is still scheduled for August 6th, 2007. Nothing prevented Honeywell from seeking leave to amend its answer at an earlier time to state counterclaims for contribution under CERCLA and M.G.L. c. 21E, and therefore Honeywell's Motion to Amend should be denied.

## C. Prejudice To Well-Com Would Result From Additional Discovery, And Yet Another Delay In The Trial, And Justice Requires That Leave Be Denied

The only other issue which must be addressed under Rule 13(f) is whether "justice requires" that leave be granted to Honeywell to file the omitted counterclaims. See Fed. R. Civ. P. 13 (f). As noted above, the undue delay and dilatory motive that is evidenced by the over sixteen months of delay since Honeywell was put on notice of the counterclaim issue, and the fact that a trial is scheduled to begin in just three weeks, weighs heavily against allowing leave in this case. Honeywell allowed its case to lie fallow despite awareness of the omitted counterclaims. The delay is in and of itself unjustified because the counterclaims have not been "newly discovered." Additionally, the strategy employed by Honeywell to "wait-and-see" what

happens prior to seeking leave to amend has been held by several district courts to constitute undue delay. See In re: Stone & Webster, Inc. Securities Litigation, 217 F.R.D. 96, 98 (D. Mass 2003)("I agree with several other district courts that have found strategies similar to the 'wait-and-see-what-happens' approach taken here . . . to constitute undue delay"). See also In re Capstead Mortg. Corp. Secs. Litig., 258 F. Suppp. 2d 533, 568 (N.D. Tex. 2003) ("Such approach unnecessarily prolongs litigation and effectively rewards [defendants] for the unjustified delay"). Such an approach calls into question the good faith of defendants.

Finally, in view of the over *two-and-a-half years* since the Complaint was filed on January 10, 2005, and the August 6th, 2007 trial date, there would be undue prejudice to Well-Com if Honeywell's last minute motion to amend its Answer to add counterclaims was allowed. Discovery and the pre-trial work that was completed more than a year ago would now need to be reopened in order for Well-Com to prepare an adequate defense to Honeywell's proposed new counterclaims. Well-Com has already spent an enormous amount of time and money to prosecute this lawsuit. Preparing a defense to the new counterclaims would require a re-opening of discovery, resulting in additional costs, and could take months (this is particularly so because Honeywell has alleged that there are other PRPs, aside from its own predecessors, which may be responsible for contamination at the site) causing a significant postponement of trial. Moreover, Honeywell's tardiness was extreme and it has never proffered a satisfactory explanation for its delay. See Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15, 19-20 (1st Cir. 1979) (two-year delay sufficient to support denial of amendment where movant has not carried burden of explaining delay). Judge Tauro's May 14, 2007 Order made clear that a trial was scheduled and that the parties were permitted to file renewed motions for summary

judgment "at any time before July 6, 2007." Honeywell had an adequate opportunity to move for leave to file these counterclaims during the prior two-and-a-half–years. Additional and substantial burdens should not be imposed upon Well-Com when Honeywell's failure to raise these new claims at an earlier time cannot be shown to be excusable neglect. There is no question that Well-Com would be unduly prejudiced by the last-minute addition of these counterclaims. Finally, rewarding Honeywell for its delay in this case and allowing the counterclaims to proceed despite the evidence of a dilatory motive would undermine the very purpose of CERCLA and M.G.L. c. 21E, which is to encourage prompt cleanup of hazardous wastes.

### III. THE COURT SHOULD GRANT SUMMARY JUDGMENT ON COUNT ONE, FOR COST RECOVERY UNDER 42 U.S.C. § 9607(a)(4)(B)

The First Circuit has recognized on more than one occasion that section 107(a)(4)(B) "provides a private right of action" for CERCLA response costs, which is available to a PRP. In re Hemingway Transp., Inc., 993 F.2d 915, 931 (1993); see also Dedham Water Co. v. Cumberland Farms Dairy, Inc., 889 F.2d 1146, 1150 (1st Cir. 1989). The First Circuit stated in In re Hemingway Transport that "section 9607(a)(4)(B) simply requires the private-action plaintiff to prove that . . .

> (1) a release of a 'hazardous subtance' from the subject 'facility' occurred, or is threatened; (2) the defendant comes within any of four categories of 'covered persons,' which include current owners or operators of the facility, see 42 U.S.C. § 9601(9)(B), as well as the owners and operators of the facility at the time the contamination occurred (3) the release or threatened release has caused (or may cause) the claimant to incur response costs; and (4) the response costs are 'necessary' and 'consistent with the national contingency plan.'

In re Hemingway Transp., Inc., 993 F.2d at 931.   .

Honeywell's summary papers do not dispute that Well-Com has established all four of the above elements. Although Honeywell has continued to dispute that its own predecessors caused all of the contamination at the Site, the question whether Honeywell's predecessors caused all of the contamination at the site is not relevant to a cost recovery action under section 107. The First Circuit held in United Techs Corp. v. Browning-Ferris Indus., Inc. that under § 107 a plaintiff may "recoup the whole of their expenditures." United Techs Corp. v. Browning-Ferris Indus., Inc., 33 F.3d 96, 100 (1st Cir. 1994); see also Key Tronic Corp. v. United States, 511 U.S. 809, 818 (1994)(§ 107 "unquestionably provides a cause of action for [PRPs] to seek recovery of cleanup costs").

There is no genuine issue moreover, that Well-Com's response costs to date have been reasonable, necessary and consistent with the national contingency plan. Well-Com's expert, Robert J. Ankstitus, has set forth his opinion, in a Supplemental Affidavit of Robert J. Ankstitus, that Well-Com's response costs to date have been consistent with the National Contingency Plan. See Supplemental Affidavit of Robert J. Ankstitus, ¶ 23; see also Supplemental Affidavit of John M. Pereira, ¶ 13. Honeywell has not argued, or provided any evidence, that the response costs incurred by Well-Com were not consistent with the NCP. Accordingly, this court should rule that Well-Com is entitled to summary judgment as a matter of law.[4]

---

[4] In the present case, Honeywell's predecessor, Allied, received a NOR almost twenty years ago, see SOF, ¶ 41, but Honeywell has avoided its responsibility, and has refused for almost twenty years to initiate a clean up of the site. Ultimately, in January 2005, Well-Com commenced this lawsuit against Honeywell to recover its response costs in connection with the assessment, containment and removal of the hazardous materials at the site. Honeywell has never exercised its right to bring a counterclaim for contribution against Well-Com under Section 113. Well-Com has satisfied all the elements of a cost recovery action under 42 U.S.C. § 9607(a)(4)(B). Therefore, the court should rule that Well-Com may recover all of its expenditures to date, as set forth in the Supplemental Affidavit of John M. Pereira, ¶ 13 (from 1999 through January 2006, Well-Com has paid Rizzo $231,823.50 for services related to 378 Commercial Street, including actual remediation at the site, and preparation/submission of MCP documents), and that Well-Com is entitled to a declaratory judgment that it may recover all of its future response costs.

### IV. THE COURT SHOULD GRANT SUMMARY JUDGMENT ON COUNT THREE FOR RESPONSE COSTS UNDER M.G.L. C. 21E

Well-Com is entitled to invoke the cost recovery provisions of Section 4 of G.L.c. 21E because the clear and unambiguous language of the statute says that Well-Com is entitled to reimbursement. Section 4 provides that "[a]ny person who undertakes a necessary and appropriate response action regarding the release or threat of release of oil or hazardous material shall be entitled to reimbursement from any other person liable for such release or threat of release for the reasonable costs of such response action." G.L. c. 21E, §4 (emphasis supplied). [5] In 1992, the Legislature amended Section 4 to provide that "[i]f two or more persons *are liable pursuant to section five* for such release or threat of release, *each shall be liable to the others* for their equitable share of the costs of such response action." G.L. c. 21E, §4. In construing the meaning of Section 4, Honeywell ignores Section 5, as it is written, and in particular, attempts to delete Section 5(b), in its entirety, from the text of G.L. c. 21E.

Section 5(a) sets out five categories of potentially responsible parties under G.L. c. 21E, and provides that any person or entity which falls within one of the five categories "shall be liable without regard to fault . . . (i) to the commonwealth for all costs of assessment, containment and removal . . . (ii) the commonwealth for all damages for . . . loss of natural resources . . . (iii) to any person for damage to his real or personal property incurred . . . as a result of such release . . . and (iv) to any person for any liability that another person is relieve of pursuant to the fourth paragraph of section four." The last sentence of Section 5(a) states that "[e]xcept as provided in paragraphs (b) and (k) such liability shall be joint and several." Thus,

---

[5] There is no question that Well-Com has satisfied the notification requirements, set forth in Section 4A, which are a pre-requisite to bringing a cost recovery action under Section 4, for reimbursement. Honeywell has not disputed that its predecessors, Barrett and Allied, caused releases of hazardous materials at the site, which caused contamination at the site.

15

Section 5(a) makes clear that joint and several liability is the norm, but that Section 5(b) provides an exception to joint and several liability. Section 5(b) provides that :

> No person who is liable solely pursuant to clause (1) of paragraph (a) and who did not own or operate the site at the time of the release or threat of release in question and did not cause or contribute to such release or threat of release shall be liable to any person who is liable pursuant to clauses (2), (3), (4), or (5) of said paragraph, except that such person liable solely pursuant to clause (1) of paragraph (a) shall be liable to the commonwealth as set forth in paragraph (d).

G.L. c. 21E, § 5(b). Determining liability for contamination is the focus of G.L. c. 21E, § 5(b). The language and structure of G.L. c. 21E, § 5(b) provides an exception to liability for a PRP whose liability derives solely because of its status as an owner of a polluted site. Applying the plain mandate of section 5(b) to the present case, Well-Com cannot be liable to Honeywell if Well-Com "did not cause or contribute" to the release of hazardous materials at the site. To date, Honeywell has produced no factual evidence that could support a finding (or raise a genuine issue of fact) that Well-Com has caused or contributed to the release at the site. To the contrary, it is undisputed that the contamination at the Site was first revealed in reports prepared by TRC Environmental Consultants and Norwood Engineering in 1985 and 1986, more than twenty years ago, shortly before the DEQE issued a Notice of Responsibility ("NOR") to Honeywell's predecessor, Allied Corporation, in December 1986. See SOF, ¶ 41. Notwithstanding Honeywell's vague and conclusory suggestion that Well-Com may have exacerbated the Site conditions by "delay" in clean-up, see Honeywell's Memorandum In Support Of Motion To Amend Answer And For Partial Summary Judgment, p. 14, there is no proof in the record, *i.e.*, there is nothing in the record, aside from these vague and conclusory allegations of expected proof, which suggests that the harm at the site has, in fact, been

"exacerbated" in any way by Well-Com or its tenants. Conclusory statements, without more, are legally insufficient to withstand a motion for summary judgment. Carroll v. Xerox Corp., 294 F.3d 231, 236-237 (1st Cir. 2002) ("neither conclusory allegations [nor] improbable inferences" are sufficient to defeat summary judgment); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (evidence that is "merely colorable or is not significantly probative" cannot deter summary judgment). Accordingly, Well-Com requests that this Court rule, as a matter of law that Well-Com cannot be liable to Honeywell because there is no evidence whatsoever that Well-Com has caused or contributed to the harm at the site. See Affidavit of Robert J. Ankstitus, ¶ 24.

Both the language and the structure of Chapter 21E evince a Legislative intent that if Well-Com "is liable solely pursuant to clause (1) or paragraph (a) and did not own or operate the site at the time of the release . . . in question and did not cause or contribute to such release," its liability is not joint and several, except as to the Commonwealth. See G.L. c. 21E, § 5 ("[e]xcept as provided in paragraphs (b) . . . such liability shall be joint and several"). By virtue of § 5(b), Well-Com is not liable to Honeywell and, for this reason, it cannot be "liable to [Honeywell]" within the meaning of the phrase, "each shall be liable to the others," in G.L. c. 21E, § 4. In short, if Well-Com is not liable to Honeywell under § 5(b), then Well-Com cannot be liable to Honeywell for an "equitable share of the costs of [a] response action." G.L. c. 21E, § 4. By contrast, it is undisputed that Honeywell's liability is joint and several under Section 5(a) and, for this reason, Well-Com may recover its full damages for the full cost of a reasonable and appropriate response action. See Commonwealth v. Boston Edison, 44 Mass. 324, 328 (2005)("[w]here joint and several liability applies, plaintiffs may recover their full damages from any liable party").

Finally, and most importantly, it is undisputed that Honeywell has never brought a claim and/or counterclaim against Well-Com for "contribution, reimbursement or equitable share" within the meaning of G.L. c. 21E, § 4.[6] See G.L. c. 21E, § 4 ("[a]ll claims and actions for contribution, reimbursement or equitable share by persons other than the commonwealth pursuant to this paragraph . . . shall be subject to, and brought in accordance with, the procedures set forth in section four A"). Accordingly, this court should hold that, as a matter of law, Well-Com may invoke the cost recovery provisions of G.L. c. 21E and is entitled to "reimbursement from any other person [i.e., Honeywell] liable for such release or threat of release for the reasonable costs of such response action." G.L. c. 21E, §4.

## V. WELL-COM IS ENTITLED TO RECOVER ALL OF ITS RESPONSE COSTS

Honeywell contends in its brief that "Well-Com cannot recover 100% of its response costs from Honeywell on its Section 107 cost recovery claim." See Honeywell's Memorandum, p. 12-13. Honeywell argues that Well-Com is not entitled to recover 100% of its response expenses because "when it acquired the property in 1996, it knew . . . the property was contaminated," and "[f]urther, it acquired the property at a discount." Id. at 1. Well-Com adamantly disagrees with Honeywell's version of the facts surrounding its acquisition of the

---

[6] Honeywell's original summary judgment pleadings stated that "try as it might, Well-Com fails to escape its owner/operator liability based on third party/innocent landowner defense." Opposition Memorandum, p. 13, n. 7. , Honeywell has repeated this same argument in its renewed Memorandum In Support Of Motion To Amend And For Partial Summary Judgment, filed on July 5, 2007. See Honeywell's Memo, p 17 ("[a]lthough it has not properly pleaded it . . . Well-Com apparently will attempt to rely on the 'innocent landowner' defense . . . the attempt will fail.") Well-Com has never asserted this affirmative defense and/or any other affirmative defenses because Well-Com was never sued under M.G.L. c. 21E. Well-Com should not need to prove that it is entitled to assert an exception to liability against Honeywell pursuant to Section 5(b), or assert an affirmative defense pursuant to Section 5(c), in order to recover under the cost recovery provisions of c.21E, § 4, because Honeywell never brought a counterclaim for "contribution or equitable share" within the meaning of c.21E. See c. 21E, § 4A(d) ("[i]n any civil action in which a . . . counterclaim . . .is filed pursuant to section four of this section, the court shall award contribution . . .or equitable share . . .). Honeywell has been on notice of the omitted compulsory counterclaim for the past sixteen months but has never sought leave to amend to add such a counterclaim. Any such counterclaim would have been compulsory, and has now been waived. See Mystic Landing, LLC v. Pharmacia Corp., 2006 U.S. Dist. Lexis 8122, * (2006)(third party defendant in an action under G.L. c. 21E failed to "avail[] itself of the opportunity or the obligation to bring compulsory counterclaims").

18

property.  See Well-Com's Supplemental Local Rule 56.1 Statement of Undisputed Facts ("Supp. SOF") ¶¶ 17-32 (purchase price paid by 1986 grantees stated in a Purchase and Sale Agreement was based on the fair market value of the Site in November 1984 and was agreed upon before the 1985 and 1986 reports of TRC Environmental Consultants and Norwood Engineering were drafted).  Although it is undisputed that Well-Com is a nonpolluting PRP that has not caused or contributed to the contamination at the Site in any way, see Supp. SOF, ¶ 33, Honeywell argues that "the purpose of Honeywell's motion is to establish that Well-Com's claims are subject to equitable apportionment and contribution." See Honeywell's Memorandum, p. 1.  Honeywell cites no case law in support of its theory that a nonpolluting PRP is not entitled to a full recovery of its response costs under § 107.  As noted above, however, the First Circuit has made clear that liability for cost recovery actions brought against PRPs under CERCLA § 107 is joint and several for any defendant PRP regardless of fault, and that plaintiffs are entitled to "full recovery" of all costs. United Techs. v. Browning-Ferris Indus., 33 F.3d at 100.  Here, Honeywell has been on notice of the omitted compulsory counterclaim for the past sixteen months but has never sought leave to amend to add such counterclaims.  Accordingly, this Court should rule that the compulsory counterclaims have now been waived.

## VI.     CONCLUSION

For all of the above reasons, the plaintiff Well-Com respectfully requests that this Honorable Court:

(1)   Deny Honeywell's Motion To Amend Answer And For Partial Summary Judgment;

(2)   Grant summary judgment in favor of Well-Com on Count I (42 U.S.C. § 9607(a)(4)(B)), and Count III (M.G.L. c. 21E);

(3)   Rule that Well-Com is entitled to recover all of its costs for assessment, containment or removal of hazardous materials at the Site.

(4)   Grant Well-Com its attorney's fees under G.L. c. 21E, § 15.

(5)   Grant whatever additional relief the Court deems necessary and proper.

Respectfully submitted,

Well-Com Associates, L.P.
By its attorneys,

/s/ A. Neil Hartzell
A. Neil Hartzell (BBO # 544752)
Patricia B. Gary (BBO #554731)
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
617-406-4500

Dated: July 20, 2007

### CERTIFICATE OF SERVICE

I, Patricia B. Gary, hereby certify that on this 20th day of July, 2007, a copy of the foregoing was served on the attorney for the defendant by electronic means pursuant to Local Rule 5.2(b).

/s/Patricia B. Gary
Patricia B. Gary