UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WELL-COM ASSOCIATES, L.P., | ) | |
| Plaintiff, | ) | |
| v. | ) | Docket No. 05-10056-JLT |
| HONEYWELL INTERNATIONAL INC., | ) | |
| Defendant. | ) | |

**ASSENTED-TO MOTION FOR LEAVE TO FILE REPLY MEMORANDUM**

Defendant, Honeywell International Inc., hereby respectfully moves pursuant to Local Rule 7.1(B)(3) for leave to file a 4-page reply memorandum in further support of Honeywell's motion to amend answer and for partial summary judgment.

The grounds for this motion are:

1. Plaintiff filed its papers in opposition to Honeywell's motion to amend answer and for partial summary judgment on July 20, 2007.

2. The opposition papers contain errors of law with respect to the standard applicable to a motion for leave to amend and with respect to the prevailing state of the law in the First Circuit prior to United States v. Atlantic Research. The papers also contain errors of fact with respect to the time at which Honeywell first requested leave to assert a counterclaim for contribution.

3. The reply memorandum seeks to address those errors and the misplaced arguments in plaintiff's opposition that are based on those errors.

4.  Plaintiff has assented to the filing of a reply memorandum.

WHEREFORE, Honeywell respectfully requests leave to file the proposed reply memorandum attached hereto as Exhibit A.

| | |
|---|---|
| Dated:  July 25, 2007 | HONEYWELL INTERNATIONAL INC., |
| | By its attorneys, |
| | /s/David B. Chaffin<br>Thomas K. Christo (BBO #083240)<br>David B. Chaffin (BBO #549245)<br>HARE & CHAFFIN<br>160 Federal Street<br>Boston, Massachusetts 02110-1700<br>(617) 330-5000 |

Of Counsel:

Brian D. Israel, Esq.
Arnold & Porter, LLP
555 12th Street, NW
Washington, D.C. 20004
(202) 942-6546

## CERTIFICATION OF CONSULTATION

Pursuant to Rule 7.1(A) of the Local Rules of this Court, I certify that counsel have conferred and resolved the issues presented by this motion.

/s/David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 25, 2007.

/s/David B. Chaffin

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WELL-COM ASSOCIATES, L.P., | ) | |
| Plaintiff, | ) | |
| v. | ) | Docket No. 05-10056-JLT |
| HONEYWELL INTERNATIONAL INC., | ) | |
| Defendant. | ) | |

**PROPOSED REPLY MEMORANDUM IN FURTHER SUPPORT OF
MOTION TO AMEND ANSWER AND FOR PARTIAL SUMMARY JUDGMENT**

Defendant, Honeywell International Inc., respectfully submits this proposed memorandum in further support of its motion to amend its answer and for partial summary judgment.

**ARGUMENT**

**I.   Well-Com Misstates The Legal Standard Applicable
      To A Motion To Amend To Add A Counterclaim.**

Well-Com asserts that a motion for leave to amend to assert a counterclaim is not treated liberally. Plaintiff's Opposition at 7. That assertion is false. "The rule [Rule 13(f)] is liberally interpreted and 'amendment is freely granted in order to settle all claims in one action.'" Transwitch Corp. v. Galvazar Networks, Inc., 377 F. Supp.2d 284, 294 n.9 (D. Mass. 2005)(quoting Cabana v. Forcier, 200 F.R.D. 9, 13 (D. Mass. 2001), a case cited by Well-Com). Rule 13(f) "is interpreted together with Rule 15(a) on amendment of pleadings, which provides that 'leave [to amend] shall be freely given when justice so requires.'" Lonestar Steakhouse &

Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 940 (4th Cir. 1995).  Well-Com's misleading contention that the standard under Rule 13 (f) is "demanding" is based on a case setting forth the standard for excusable neglect for relief from a final judgment under Rule 60(b), not Rule 13(f) or Rule 15.  United States v. $23,000 in United States Currency, 356 F.3d 157, 164 (1st Cir. 2004).  Moreover, the operation of Rule 13(f) is not restricted to cases of oversight, inadvertence or excusable neglect, but is applicable whenever justice requires, like Rule 15(a).  Justice requires the proposed amendment by Honeywell because equitable contribution has always been at issue, Well-Com is not prejudiced or surprised, and the issue of "whether PRPs have rights under 107(a)(4)(B)" was not resolved by the Supreme Court until June 11, 2007.  United States v. Atlantic Research, 2007 WL 1661465, *3 (2007).

### II.  Well-Com Will Not Be Prejudiced By An Amendment.  Honeywell Has Not Delayed.

Contrary to Well-Com's assertion that Honeywell avoids the issue, Honeywell has discussed at length the lack of prejudice to Well-Com.  Equitable contribution has been an issue in this case from the outset, by virtue of Well-Com's own claim for contribution, Honeywell's affirmative defense of contribution, and Honeywell's long-standing position that Well-Com is not entitled to 100% of its costs.  There is no surprise and no prejudice.  Well-Com's unsupported argument that the counterclaim would entail new discovery and delay trial is frivolous.  Well-Com does not say what that discovery would entail, because it cannot.  No new discovery would be necessary.  Well-Com has left no stone unturned.

Honeywell has not delayed.  In March 2006, in conjunction with the first round of summary judgment briefing, Honeywell expressly requested leave to amend to assert a counterclaim in the event that the court decided that Well-Com could pursue an action for cost

recovery under § 107. Memorandum in Opposition to Plaintiff's Cross-Motion for Summary Partial Judgment at 7 n.4 (Docket # 32). There has been no sixteen-month delay as claimed by Well-Com, nor has Honeywell pursued a "willful choice" not to seek leave to assert a counterclaim, as incorrectly asserted by Well-Com.

### III.     Well-Com Misstates the Prevailing Law in the First Circuit Prior to Atlantic Research.

Well-Com incorrectly states that PRPs were able to seek cost recovery in the First Circuit prior to Atlantic Research. The Supreme Court, however, has observed that the First Circuit is among those circuits that previously held that a PRP may not pursue a cost recovery action against other PRPs for joint and several liability under § 107.[1] Thus, under First Circuit law, Well-Com only had a cause of action for contribution. Recognizing the tenuous nature of its position, Well-Com asserted a claim for contribution in the alternative. On June 11, 2007, the Supreme Court resolved the issue of "whether PRPs have rights under 107(a)(4)(B)," as the Court itself phrased the issue. 2007 WL 1661465, *3. That issue simply had not been resolved before that time. Promptly after that decision, Honeywell once again requested leave to assert a counterclaim for contribution. There has been no undue delay or bad faith.

---

[1] In Atlantic Research, the Court referenced cases collected in Cooper Industries, Inc. v. Aviall Services, Inc., 125 S. Ct. 577, 585 (2004), which collection included United Technologies Corp. v. Browning-Ferris Industries, Inc., 33 F.3d 96, 99-101 (1st Cir. 1994), cert. denied, 513 U.S. 1183 (1995), and numerous other decisions. 2007 WL 1661465, *3. In United Technologies, the First Circuit Court of Appeals held that a cost recovery claim by a PRP was effectively a claim for contribution.

**Conclusion**

For the foregoing reasons, Honeywell respectfully requests that the Court grant Honeywell leave to amend its answer as stated herein, and that the Court enter partial summary judgment on Counts I, II, and III, that Well-Com is not entitled to 100% of its past and future response costs.

Dated:  July 25, 2007                                    HONEYWELL INTERNATIONAL INC.,

By its attorneys,

/s/David B. Chaffin
Thomas K. Christo (BBO #083240)
David B. Chaffin (BBO #549245)
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110-1700
(617) 330-5000

Of Counsel:

Brian D. Israel, Esq.
Arnold & Porter, LLP
555 12th Street, NW
Washington, D.C. 20004
(202) 942-6546

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 25, 2007.

/s/David B. Chaffin